IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER STUBER, | ) |
| Plaintiff, | ) |
| v. | ) Cause Number: |
| EBERT MACHINE COMPANY, INC. | ) 3:12cv 152 |
| Defendant. | ) |

## COMPLAINT WITH JURY DEMAND

Now comes Plaintiff, Jennifer Stuber, by counsel, and for her complaint states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, § 2(b)(1). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 12117(a).

2. All acts alleged herein were committed within the Northern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Jennifer Stuber ("Stuber") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Cass County, Indiana.

4. Defendant Ebert Machine Company, Inc. ("Ebert") is a for-profit corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 2177 South State Road 19, Peru, Indiana 46971

1

## FACTS

5.  Stuber began work at Ebert on June 9, 2010, as a line employee.

6.  During her time at Ebert, Stuber's job performance met or exceeded Ebert's reasonable expectations.

7.  Beginning November 23, 2010, she took short term disability leave due to problems with hypertension.

8.  During her short term disability leave, she continued to be covered by Ebert's health insurance benefit received disability pay from the Company's insurer.

9.  During her leave, she was diagnosed with breast cancer on or about December 31, 2011.

10. She informed Ebert that she had breast cancer on or about January 4, 2011.

11. She was terminated on January 7, 2011.

12. After being terminated, she asked to speak to Joel Ebert, the owner of Ebert Machine Company to ask why she was being terminated. Joel Ebert told her that she was terminated because she was not a "well-being employee."

## ADMINISTRATIVE PROCEDURES

13. On February 7, 2011, Stuber filed a charge with the Equal Employment Opportunity Commission alleging that Ebert Machine discriminated against her because of a disability. A copy of that charge is attached as Exhibit A to this Complaint.

14. After retaining jurisdiction over the charge for more than 180 days, the EEOC issued a Right to Sue letter which Stuber received on January 4, 2012. This letter is attached as Exhibit B to this Complaint.

15. On January 18, 2012, Stuber received a letter rescinding the previous Right to Sue letter

because it contained an error. This letter is attached as Exhibit C to this Complaint. Attached to the letter rescinding the first Right to Sue letter was a second Right to Sue letter. This second Right to Sue letter was received on January 18, 2012 and is attached as Exhibit D to this Complaint.

16. This Complaint is timely under either Right to Sue letter.

## COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY

17. All previous paragraphs are hereby incorporated by reference.

18. Stuber is battling cancer and is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

19. Stuber has a record of disability and was regarded as having a disability by Defendants within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

20. During her course of employment with Ebert, Stuber was an "employee" of Ebert within the meaning of the ADA, 42 U.S.C. § 12111(4).

21. Ebert employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

22. Ebert engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when it terminated Ebert because of her disability and perceived disability.

23. Ebert has engaged in discriminatory treatment of Stuber on the basis of disability and has acted with malice or reckless disregard of Stuber's rights as a disabled employee in violation of the ADA as amended by the ADAAA.

**WHEREFORE**, Plaintiff Jennifer Stuber prays for the judgment of this Court against Defendant Ebert Machine Company, Inc., as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendant's disability discrimination and termination from employment with the Defendant.

B. An order directing the Defendant to reinstate the Plaintiff.

C. In the event the Court determines that it would be inappropriate to direct the employment of the Plaintiff as an employee of the Defendant, an award of damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

D. An award of compensatory damages in an amount to be determined by a jury to make Plaintiff whole for the mental anguish, emotional distress, exacerbation of her illness, and other non-pecuniary damages that Plaintiff has suffered because of Defendant's unlawful conduct.

E. An award of punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduct.

F. An award of attorney's fees and costs.

G. Such other relief as may be just and proper.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Jennifer Stuber

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Jennifer Stuber

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com